IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT W. COOPER,

    Plaintiff,

v.                                                             Civil Action No. 5:16CV148
                                                                                     (STAMP)
AXIALL LLC,
a Delaware limited liability company,
WILLIAM STARKEY,
WORLD WIDE SAFETY CONSULTING, LLC,
a Florida limited liability company
and SIMAKAS COMPANY, INC.,
a Pennsylvania corporation,

    Defendants,

and

AXIALL LLC and WILLIAM STARKEY,

    Third-Party Plaintiffs,

v.

MPW INDUSTRIAL SERVICES, INC.,
an Ohio corporation,

    Third-Party Defendant.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE MAGISTRATE JUDGE'S
ORDER GRANTING DEFENDANTS' JOINT MOTION TO COMPEL
AND OVERRULING PLAINTIFF'S OBJECTIONS**

I. Procedural History

The defendants in the above-styled civil action filed a joint motion to compel. ECF No. 132. This motion specifically seeks to compel the plaintiff to attend an independent medical examination pursuant to Federal Rule of Civil Procedure 35. Id. This matter was referred to the Honorable James P. Mazzone, United States

Magistrate Judge.  Magistrate Judge Mazzone entered an order denying the plaintiff's objections and granting the defendants' motion to compel.  The plaintiff then filed objections to the magistrate judge's order.  For the following reasons, the magistrate judge's order is affirmed and adopted and the plaintiff's objections are overruled.

II. Background

The claims of the plaintiff Robert W. Cooper ("Cooper") arise out of an incident when Cooper was employed by Simakas Company, Inc. ("Simakas") at the Natrium facility of Axiall LLC ("Axiall") in Marshall County, West Virginia.  In the complaint, Cooper alleges that he was "a member of the Pipefitters and Plumbers Local Union 495" and "plaintiff and his co-workers were working on water lines on the ground floor of the chlorine building, when defendant [William] Starkey [("Starkey")] removed a flange blank from the bottom of the number 5 secondary chlorine receiver tank causing chlorine gas present in the tank to be released and enter plaintiff's work area."  ECF No. 1-2 at 2-3.  Cooper alleges that as a result, he was exposed to chlorine gas and has developed serious lung problems and other physical abnormalities.  Id. at 3.

Defendants, Axiall, Starkey, World Wide Safety and Consulting ("World Wide"), and Simakas, and third-party defendant, MPW Industrial Services, Inc. ("MPW"), filed a motion to compel Cooper to attend an independent medical examination under Federal Rule of

Civil Procedure 35 because Cooper alleges that he was exposed to chlorine and has suffered serious lung problems and other physical abnormalities as a result. ECF No. 132 at 2-3. The defendants contended that after communicating and conferring with the plaintiff regarding such an examination by email and letter, Cooper refused to attend such an examination, citing financial and medical difficulties. Id. at 3. The defendants noted that Cooper's previous visits to lung specialists and medical facilities near his home have made it difficult to locate a qualified pulmonary lung specialist that he has not already visited. Id. The defendants further indicated that they would reimburse Cooper for mileage and other travel expenses relating to the independent medical examination. Id. However, the defendants alleged that Cooper continues to refuse to attend such an examination. Id. Magistrate Judge Mazzone granted the defendants' motion to compel (ECF No. 154), and Cooper filed timely objections to that order (ECF No. 157).

### III. Applicable Law

Under Federal Rule of Civil Procedure 72(a), a district court may refer to a magistrate judge "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). The parties may file objections to the magistrate judge's order, and the magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed.

R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 354, 68 S. Ct. 525, 92 L.Ed. 746 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982); Shoop v. Hott, No. 5:08CV188, 2010 WL 5067567, at *2 (N.D. W. Va. Dec. 6, 2010).

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In considering proportionality, courts must consider: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information"; (4) "the parties' resources; (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. Courts may forbid certain disclosures or discovery "to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

## IV. <u>Discussion</u>

The defendants requested that "the Court compel [p]laintiff to attend an independent medical examination." ECF No. 132 at 4. Magistrate Judge Mazzone granted the defendants' motion to compel, concluding that the plaintiff placed his medical condition in controversy and that the defendants made reasonable efforts to obtain the medical examination. ECF No. 154 at 4-5.

First, Magistrate Judge Mazzone concluded that the defendants made reasonable efforts to obtain the medical examination but, because of logistical difficulties involving Cooper, were unable to obtain the same. ECF No. 154 at 5. In his objections, Cooper contests the finding that the defendants met and conferred regarding the scheduling of a Rule 35 medical examination, in accordance with Federal Rule of Civil Procedure 37 and Local Rule of Civil Procedure 37.02. ECF No. 157 at 2-3. Despite Cooper's objections, the evidence demonstrates that the parties met and conferred in an exchange of emails and a letter. <u>See</u> ECF Nos. 132-1 and 145-2. In fact, Cooper stated on the record at the evidentiary hearing before Judge Mazzone, pertaining to the motion to compel, that:

> Counselor Hanna asked [him] to modify the Honorable Judge Stamp's scheduling dates and there was two of them. He wanted [Cooper] to change the dates of the medical examination for the reason being he think[s] he finally

5

> got that doctor in a little late, now he's pressed for time. And the second date he wanted [Cooper] to exchange was the date for the examination results. He wanted [Cooper] to change that. He asked [Cooper] for permission to do that and [Cooper] wrote him back.

Second, Magistrate Judge Mazzone concluded that there is good cause for an independent medical examination because Cooper alleges in his complaint that he was exposed to chlorine gas and developed lung problems as a result. Importantly, in his objections, Cooper does not seem to contest the finding that his physical condition is placed in issue and that such an examination might be applicable. Rather, Cooper argues that the defendants did not comply with the requirements under Federal Rule of Civil Procedure 37 and, as well, Local Rule of Civil Procedure 37.02(a)(1) and (3), which provide that when moving for an order to compel disclosure or discovery, the motion must include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," specifying, "(1) the names of the parties who conferred or attempted to confer, (2) the manner by which they conferred, and (3) the date and time of the conference." ECF No. 157 at 2-3. However, Cooper has failed to adequately explain how including such a certificate with the motion to compel would have changed his position or altered the magistrate judge's findings with respect to the motion to compel. Furthermore, as indicated in the preface to the Local Rules of the Northern

District of West Virginia, "[a] district judge may, in the interest of the orderly, expeditious and efficient administration of justice, allow departures from the[] Local Rules when warranted by particular facts and circumstances."

Third, Magistrate Judge Mazzone noted that the plaintiff should be compelled to travel to Beachwood, Ohio for the independent medical examination. ECF No. 154 at 5. The magistrate judge noted that the plaintiff has traveled the same or a substantially similar distance before for his own medical treatment, and that the defendants are willing to reimburse plaintiff for travel expenses. Id. Moreover, the magistrate judge noted that plaintiff is under no driving or travel restriction from any health care provider. Id. This Court finds no clear error in the magistrate judge's conclusion, and thus, affirms and adopts the magistrate judge's order granting the defendant's motion to compel (ECF No. 154).

V. Conclusion

For the foregoing reasons, the magistrate judge's order granting the defendants' motion to compel (ECF No. 154) is AFFIRMED and ADOPTED. Accordingly, plaintiff Cooper's objections to the magistrate judge's order (ECF No. 157) are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: November 20, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE